IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

          v.     : CRIMINAL NOS. 17-597-2 and 17-599-2

JOSHUA BROWN     :

File

## PRETRIAL DETENTION ORDER

AND NOW, this 7th day of December, 2017, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because the defendant is a danger to the community and a risk of flight.

1. There is probable cause to believe that the defendant has violated: Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 2 as charged in Indictment One (No. 17-cr-597-2); and Title 21, United States Code, Section

7

841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2 as charged in Indictment Three (No. 17-cr-599-2).

    2.    The evidence in the case is strong.

        a.    As to Indictment One,

            i.    On July 16, 2017, the defendant aided and abetted the distribution of approximately 55 grams of cocaine base ("crack") to an undercover law enforcement officer (UC #2).

            ii.    Specifically, the defendant directed Person #1 and UC #2, who was driving an undercover law enforcement vehicle to pick him up and then pick up co-defendant Dwayne Cooper.

            iii.    Once defendant Cooper entered the undercover vehicle, he called co-defendant Lavar Smith, who thereafter came to the area where the undercover vehicle waited.

            iv.    When defendant Smith arrived, defendant Cooper left the undercover vehicle and defendant Smith took his place. Defendant Smith then provided UC #2 what later tested positive for approximately 55 grams of crack cocaine in exchange for $2,800.

        b.    As to Indictment Two,

            i.    On February 14, 2017, the defendant and his co-defendant, Lesandro Perez, sold heroin and cocaine base to another individual working with law enforcement (Person #1). The distribution was captured by a video and audio recording device worn by Person #1. (Count One)

      ii. On June 1, 2017, the defendant aided and abetted the distribution of approximately 10 grams of fentanyl to an undercover law enforcement officer (UC #1). Specifically, the defendant and co-defendants Jose Lopez and Hugh Wyatt met outside defendant Lesandro Perez's residence. The three men traveled together from Perez's residence to the area of defendant Wyatt's residence and back again. Defendant Wyatt the left the area and the defendant and defendant Lopez then carried co-defendant Perez from his residence to an undercover police vehicle where UC #1 and Person #1 waited. Perez then sold UC #1 approximately 10 grams of fentanyl. (Count Seven)

  3. The total maximum statutory penalty defendant faces is a mandatory minimum 5 years' imprisonment, a maximum 40 years' imprisonment, 4 years' supervised release, a $5 million fine, and a $100 special assessment on Indictment One (No. 17-cr-597); and 40 years' imprisonment, 3 years' supervised release, a $2 million fine, and a $200 special assessment on Indictment Two (No. 17-cr-599) if the recidivist enhancement does not apply. The defendant is subject to enhanced penalties if it does.

  The estimated guidelines ranges for the charged offenses are 63-78 months' imprisonment and 27-33 months' imprisonment on Indictments One and Two, respectively, for a total estimated range of 90-111 months. Accordingly, the defendant has a substantial incentive to flee.

  4. The defendant's criminal history includes at least two convictions and three arrests for controlled substance offenses pre-dating the instant controlled substances offenses. Additionally, the defendant was on probation at the time he committed the instant offenses. He has thus has shown an inability to abide by court supervision.

5. The defendant lacks legitimate employment and any family ties have proven insufficient to deter his criminal activity.

6. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

7. As there is probable cause to believe that the defendant committed an offense punishable by 10 or more years in jail under the Controlled Substances Act, the Court must presume—subject to rebuttal by the defendant—that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE ELIZABETH T. HEY
United States Magistrate Judge